IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02642-BNB

CLIFFORD D. NICHOLAS, also known as
CLIFFORD D. NOCHOLAS (TM/TM),

      Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
CORRECTIONS CORPORATION OF AMERICA,
KIT CARSON CORRECTIONAL CENTER, and
JOHN W. SUTHERS, Colo. Att. General, Counsel,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

      Plaintiff, Clifford D. Nicholas, also known as Clifford D. Nocholas, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado.  He initiated this action by filing **pro se** a Prisoner Complaint pursuant to 42 U.S.C. § 1983.  He has been granted leave to proceed **in forma pauperis** pursuant to 28 U.S.C. § 1915.

      The Court must construe Mr. Nicholas's filings liberally because he is representing himself.  See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the **pro se** litigant's advocate.  **Hall**, 935 F.2d at 1110.  For the reasons stated below, Mr. Nicholas will be directed to file an amended complaint.

In the complaint, Mr. Nicholas asserts two claims concerning his medical needs and treatment, but he does not provide facts in support of his claims. As his first claim, Mr. Nicholas alleges that an intake nurse denied him access to a doctor who he wanted to address his serious medical needs. Complaint at 4. However, Mr. Nicholas does not identify any medical issue or the treatment he requires but has not received, and he does not assert the claim against any named defendant. His claim is vague and conclusory. Mr. Nicholas's second claim, which lacks any supporting factual allegations, also is vague and conclusory. In addition, he supplements the complaint with information contained in attached documents and, as a result, creates a morass of allegations he apparently expects the Court and the defendants to piece together, which is neither the defendants' responsibility nor a judicial function.

The Court finds that Mr. Nicholas's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief

sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Nicholas to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Nicholas fails to set forth a short and plain statement of his claims showing he is entitled to relief. The general rule that **pro se** pleadings must be construed liberally has limits, and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Nicholas will be directed to file an amended complaint on the Court-approved form that complies with the pleading requirements of Rule 8. In the amended complaint, Mr. Nicholas must allege, simply and concisely, his specific claims for relief. He must not set forth an extended and unnecessary discussion of insignificant details and legal argument in support of his claims but rather provide "a generalized statement of the facts from which the defendant may form a responsive pleading." **New Home Appliance Ctr., Inc., v. Thompson**, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the

complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." ***Id.***

In the amended complaint he will be directed to file, Mr. Nicholas must assert personal participation by each named defendant. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Nicholas must show how the named defendants caused a deprivation of his federal rights. ***See Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant 's participation, control or direction, or failure to supervise. ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as John W. Suthers, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. ***See Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. ***See Dodds v. Richardson***, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Nicholas may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Nicholas uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Further, Mr. Nicholas may not sue the State of Colorado or its entities, such as the Colorado Department of Corrections or the Kit Carson Correctional Center. The State of Colorado and its entities are protected by Eleventh Amendment immunity. ***See Will v. Michigan Dep't of State Police***, 491 U.S. 58, 66 (1989); ***Meade v. Grubbs***, 841

F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." ***Ramirez v. Oklahoma Dep't of Mental Health***, 41 F.3d 584, 588 (10th Cir. 1994), ***overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.***, 163 F.3d 1186 (10th Cir. 1998).  The State of Colorado has not waived its Eleventh Amendment immunity, ***see Griess v. Colorado***, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, ***see Quern v. Jordan***, 440 U.S. 332, 340-345 (1979).  The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought.  ***See Higganbotham v. Okla. Transp. Comm'n***, 328 F.3d 638, 644 (10th Cir. 2003).

Mr. Nicholas, therefore, will be directed to file an amended complaint on the Court-approved form that states his claims clearly and concisely, asserts what rights were violated, alleges specific facts demonstrating the personal involvement of named defendant in the asserted violations, and sues the proper parties.  Accordingly, it is

ORDERED that Plaintiff, Clifford D. Nicholas, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order.  It is

FURTHER ORDERED that Mr. Nicholas shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint" and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that if Mr. Nicholas fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED November 16, 2011, at Denver, Colorado.

                                                BY THE COURT:

                                                 s/ Boyd N. Boland
                                                United States Magistrate Judge