IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02642-BNB

CLIFFORD D. NICHOLAS, also known as
CLIFFORD D. NOCHOLAS (TM/TM),

      Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
CORRECTIONS CORPORATION OF AMERICA,
KIT CARSON CORRECTIONAL CENTER, and
JOHN W. SUTHERS, Colo. Att. General, Counsel,

      Defendants.

---

ORDER DENYING MOTIONS FOR INJUNCTIVE RELIEF

---

This matter is before the Court on the motions for injunctive relief (ECF Nos. 3 and 6) that Plaintiff, Clifford D. Nicholas, filed *pro se* with the Court on October 11, 2011, and November 8, 2011.  Mr. Nicholas is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado.

Both motions for injunctive relief are vague.  In addition, the November 8 motion is nearly unintelligible, except for intermittent references to the inadequacy of Mr. Nicholas's diet.

The Court must construe the motions liberally because Mr. Nicholas is not represented by an attorney.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be

an advocate for a *pro se* litigant.  **See Hall**, 935 F.2d at 1110.  For the reasons stated below, the motions for injunctive relief will be denied without prejudice.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest.  **See Lundgrin v. Claytor**, 619 F.2d 61, 63 (10th Cir. 1980).  Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued.  **See** Fed. R. Civ. P. 65(b).

A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo."  **RoDa Drilling Co. v. Siegal**, 552 F.3d 1203, 1208 (10th Cir. 2009).  Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs."  **Id.**  Because Mr. Nicholas is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above.  **See id.** at 1209.

Mr. Nicholas does not demonstrate a substantial likelihood of prevailing on the merits as to any potential injuries he may suffer, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction

would not be adverse to the public interest.  Therefore, the motions for injunctive relief will be denied.

Accordingly, it is

ORDERED that the motions for injunctive relief (ECF Nos. 3 and 6) that Plaintiff, Clifford D. Nicholas, filed *pro se* with the Court on October 11, 2011, and November 8, 2011, are denied without prejudice.

DATED at Denver, Colorado, this  17th  day of    November    , 2011.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court