IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02642-BNB

CLIFFORD D. NICHOLAS, also known as
CLIFFORD D. NOCHOLAS (TM/TM),

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
CORRECTIONS CORPORATION OF AMERICA,
LIMON CORRECTIONAL FACILITY,
KIT CARSON CORRECTIONAL CENTER,
FREMONT CORRECTIONAL FACILITY,
JOHN W. SUTHERS, Colo. Att. General, Counsel,
CAPTIAN [sic] M. LYNN,
LEUTENANT [sic] NEESE, LCF,
JOHN DOES, LCF,
JANE DOE, LCF,
JOHN DOE, LCF,
LT. EVANS, LCF,
LT. WEATHERBY, LCF,
ASST. WARDEN JOHNSON, LCF,
JANE DOE, Medical LCF,
JOHN AND JANE DOE, Medical LCF,
UNIT MANAGER E. JOHN DOE, KCCC,
MISS DAVIS, KCCC,
UM-B HAZZEN FRITZ, KCCC,
MISS HARPER, KCCC,
CASE MANAGER HARRARA, KCCC,
SGT. BERNIE, KCCC,
JOHN AND JANE DOE, KCCC - Unit B,
MR. ROBERTS, PPMU, KCCC,
MR. SMIESLER, PPMU,
MISS HALL, Kitchen KCCC,
JANE DOE, aka BIG H, KCCC,
JANE DOE, afa [sic] LITTLE H, KCCC
JOHN AND JANE DOES, Line Supervisor[s], KCCC,
JANE DOE,
CM DAVIS, Mother KCCC,
MISS RODNELL, RN, KCCC,
DR. TOINA, KCCC,
JOHN DOE, Warden, KCCC

JOHN DOE, Asst. Warden, KCCC,
CHIEF FRAZEN, KCCC,
CAPTIAN [sic] RICE, KCCC, and
LEUTENTANT [sic] DAVIS, Security,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Clifford D. Nicholas, also known as Clifford D. Nocholas, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who was incarcerated at the Kit Carson Correctional Center in Burlington, Colorado, when he initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983.  On December 14, 2011, he informed the Court he is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado.  Mr. Nicholas has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    On November 16, 2011, Magistrate Judge Boyd N. Boland entered an order (ECF No. 7) directing Mr. Nicholas to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, asserted the personal participation of each named defendant, provided sufficient information about each John or Jane Doe defendant so that he or she could be identified for purposes of service, and that sued the proper parties.  On February 27, 2012, after being granted two extensions of time, Mr. Nicholas filed an amended § 1983 complaint (ECF No. 15) for damages, a motion for the appointment of counsel (ECF No. 16), and a motion for injunctive relief (ECF No. 17).

The Court must construe Mr. Nicholas's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed.

The amended complaint is at least as vague and conclusory as the complaint Mr. Nicholas originally submitted, only the amended complaint is longer and sues more defendants. Mr. Nicholas appears to be an elderly, chronic-care inmate who alleges he suffers from small bowel syndrome. He appears to disagree with his medical care and diet, and he makes broad, conclusory allegations of retaliation, harassment, invasion of privacy, and cruel and unusual punishment that lack supporting factual allegations. As a result, he creates a morass of vague allegations he apparently expects the Court and the defendants to piece together. That is neither the defendants' responsibility nor a judicial function.

The Court finds that Mr. Nicholas's amended complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. In the November 16 order for an amended complaint, Magistrate Judge Boland informed Mr. Nicholas that the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). Magistrate Judge Boland noted that the requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See*

*TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

The magistrate judge specifically pointed out Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  He explained to Mr. Nicholas that the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  The magistrate judge further explained that, taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules, and that prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.  Magistrate Judge Boland pointed out that, in order for Mr. Nicholas to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

In his thirty-one-page amended complaint, Mr. Nicholas fails to set forth a short and plain statement of his claims showing he is entitled to relief.  As Magistrate Judge Boland explained in the November 16 order, Mr. Nicholas must present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.  The general rule that *pro se* pleadings must be construed liberally has limits, and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and

searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Nicholas's claims fail to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). As Mr. Nicholas was told in the November 16 order for an amended complaint, for the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Nicholas also fails to assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). In other words, he names numerous defendants whose involvement in the alleged constitutional violations he fails to explain. To establish personal participation, Mr. Nicholas must show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as John W. Suthers, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Nicholas may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. In the

amended complaint, Mr. Nicholas is suing at least fifteen John or Jane Doe defendants. However, Mr. Nicholas fails to provide sufficient information about each defendant with a fictitious name so that he or she can be identified for purposes of service. He also fails to provide an address for each defendant, named or not identified by name, so that he or she can be served.

Mr. Nicholas may not sue the State of Colorado or its entities, such as the DOC or Kit Carson Correctional Center. In the amended complaint, Mr. Nicholas adds to these state defendants the Limon and Fremont correctional facilities. As Magistrate Judge Boland previously noted, the State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). Magistrate Judge Boland explained the State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Finally, the Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003). Nonetheless, Mr. Nicholas is again attempting to sue state

defendants such as the DOC and Limon, Kit Carson, and Fremont correctional facilities. He may not do so.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not comply with the pleading requirements of Fed. R. Civ. P. 8 and the directives of the November 16 order for an amended complaint, and must be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Nicholas files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended complaint (ECF No. 15) and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Clifford D. Nicholas, to comply with the pleading requirements of Fed. R. Civ. P. 8 and the directives of the order of November 16, 2011, for an amended complaint. It is

FURTHER ORDERED that leave to proceed in *forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this   13th   day of    March         , 2012.

BY THE COURT:


　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court